# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Select Comfort Corporation, | Court File No._____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Sleep Products D2C, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Select Comfort Corporation ("Select Comfort"), for its Complaint against Defendant Sleep Products D2C, Inc. ("Defendant") states:

## NATURE OF THIS ACTION

1. This is an action for damages and injunctive relief arising out of Defendant's breach of a Mediated Settlement Agreement (the "Settlement Agreement") with Select Comfort.

## PARTIES

2. Select Comfort is a Minnesota corporation with its principal place of business in Minnesota.

3. Sleep Products D2C, Inc. is a Florida corporation with its principal place of business, upon information and belief, in either Florida or Texas.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000. Venue lies in this District under 28 U.S.C. § 1391(b) and (c).

5. This Court has personal jurisdiction over Defendant. Defendant has purposefully, continuously and systematically conducted business in Minnesota by, *inter alia*, advertising, promoting, and selling their air bed mattress products (under the names Sleep Better Store and Dream Number Beds) in Minnesota. Defendant's advertising, promotion, and selling is conducted primarily through a highly interactive website accessible at the domain names dreamnumberbeds.com, sleepbetterstore.com, and sleepnumbercompetitor.com, through which Defendant offers for sale and sells products to Minnesota residents. Defendant thus transacts business over the internet with Minnesota residents, enters into contracts with Minnesota residents via the internet, and collects payment for products from Minnesota residents via the internet.

6. Further, Defendant entered into the Settlement Agreement at issue in Minnesota and has willfully engaged in activity that has caused and continues to cause harm to Select Comfort, a Minnesota resident, including but not limited to entering into and breaching the Settlement Agreement.

**THE PARTIES**

7. Sleep Products D2C, Inc. owns and controls The Merrick Group, LLC and Merrick Group Capital 1, Ltd., which own and control The Sleep Better Store d/b/a

Dream Number Beds. The Sleep Better Store d/b/a Dream Number Beds markets, advertises, and sells adjustable air beds.

8. Select Comfort designs, manufactures, and markets unique air bed products, many features of which are either proprietary or protected by the patent laws of the United States.

9. Select Comfort's **Sleep Number**® bed uses uniquely designed air chambers to provide a gentle cushion of support which can be easily adjusted to an individual's preference, comfort level, and firmness.

10. Select Comfort's Sleep Number bed offers a dual firmness feature, in which two users can individually adjust the bed to their own desired firmness setting.

11. As a result of the innovation and quality of its products, together with the widespread advertising and promotion thereof, Select Comfort has acquired a reputation for quality, integrity, and innovation, and it is well-known as the leading seller of premium air-supported sleep products.

12. Select Comfort is the owner of all rights in the trademark Sleep Number®, including United States Trademark Registration Nos. 2,753,633, 2,618,999, 2,641,045 and 2,702,762.

13. Select Comfort is the owner of all rights in the trademark Select Comfort®, including United States Trademark Registration Nos. 1,581,562, 1,590,557 1,976,214, 2,702,763, 2,801,405, and 2,803,623.

14. The trademarks Sleep Number® and Select Comfort® are collectively referred to herein as "Select Comfort's Trademarks."

## FACTS

15. On March 10, 2011, Select Comfort brought suit in this Court against The Sleep Better Store, LLC, Court File No. 0:11-cv-00621 (JNE/JSM) ("the Lawsuit"), for trademark infringement, false advertising, unfair trade practices, and deceptive trade practices, among other claims more specifically set forth in the pleadings filed in the Lawsuit.

16. On or about November 8, 2011, The Sleep Better Store, LLC purportedly changed its name and air-bed product line to "Dream Number Beds," and launched a new Dream Number website at dreamnumberbeds.com designed to replicate Select Comfort's website.

17. On January 3, 2012, Select Comfort filed an Amended Complaint in the Lawsuit, adding claims relating to The Sleep Better Store, LLC's name change to Dream Number Beds and website change to dreamnumberbeds.com.

18. After over two years of litigation, on July 20, 2013, Select Comfort entered into a confidential Settlement Agreement with Defendant as well as The Sleep Better Store, LLC, The Merrick Group, LLC, Merrick Group Capital 1, Ltd., Philip Krim, and Lawrence Krim.

19. Based on the parties' joint stipulation in light of the Settlement Agreement, Judge Joan Ericksen dismissed the Lawsuit on August 13, 2013.

20. In exchange for dismissal of the Lawsuit, the Settlement Agreement required that Defendant undertake certain actions by a date certain, which has now passed.

21. However, as of September 23, 2013 Defendant has failed to comply with its obligations and has acknowledged that it has not complied with its obligations.

22. In particular, Defendant has failed to comply with paragraphs 1, 2, 4, 9, 10, 12, 13, 14, and 15 of Exhibit A attached to the Settlement Agreement.

23. Counsel for Select Comfort wrote a letter to Chris Phillips, Defendant's Chief Executive Officer, on September 20, 2013, regarding Defendant's noncompliance with the Settlement Agreement.

24. Chris Phillips responded on September 20, 2013, acknowledging Defendant's noncompliance with the Settlement Agreement, but indicating that Defendant did not intend to immediately comply with the terms of the Settlement Agreement.

25. Upon information and belief, Defendant Sleep Products D2C, Inc. is responsible for the conduct breaching the Settlement Agreement.

26. Defendant's noncompliance with the Settlement Agreement has therefore been deliberate and in bath faith and has caused irreparable injury to Select Comfort and, unless the Court enforces compliance with the Settlement Agreement, will continue to cause irreparable injury to Select Comfort.  There is no adequate remedy at law for this injury.

27. Defendant's noncompliance with the Settlement Agreement has caused Select Comfort to lose the benefit of the bargain it entered into with Defendant in exchange for dismissal of the Lawsuit, and has allowed Defendant to make sales through its bad-faith conduct.

28. Defendant's noncompliance with the Settlement Agreement has injured Select Comfort by, *inter alia*, diverting customers from Select Comfort.

29. Select Comfort has lost sales as a result of Defendant's noncompliance with the Settlement Agreement.

30. Defendant's noncompliance with the Settlement Agreement has caused Select Comfort monetary damages in excess of $75,000.

## COUNT ONE

## BREACH OF CONTRACT

31. Select Comfort repeats the allegations above as if fully set forth herein.

32. The Settlement Agreement between the parties is a contract.

33. Defendant's noncompliance with the Settlement Agreement constitutes a breach of contract.

34. Defendant's breach of contract has caused Select Comfort damages in excess of $75,000.

35. Defendant's breach of contract has caused Select Comfort further injury for which there is no adequate remedy at law.

36. Select Comfort has complied with and fulfilled its obligations under the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Select Comfort prays for judgment as follows:

1. A permanent injunction to enforce Defendant's compliance with the Settlement Agreement, with such injunction including a provision directing Defendant to

file with the Court and serve on Select Comfort within ten (10) days following the injunction a report in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

2. Requiring an accounting of profits made by Defendant as a result of Defendant's breach of the Settlement Agreement;

3. Requiring a payment of damages in excess of $75,000, the specific amount to be proven at trial, lost profits, and/or disgorgement of all profits and/or ill-gotten gains made by Defendant as a result of Defendant's breach of the Settlement Agreement;

4. Awarding prejudgment interest;

5. Awarding Select Comfort its costs, disbursements, and attorneys' fees; and

6. Awarding Select Comfort such other and further relief as this Court may deem just and equitable.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Select Comfort requests a trial by jury on all claims and issues triable by jury.

Dated: September 23, 2013    **OPPENHEIMER WOLFF & DONNELLY LLP**

By:   s/ Andrew S. Hansen
Andrew S. Hansen (# 285894)
Samuel R. Hellfeld (#309954)
Dennis E. Hansen (# 386734)
Elizabeth A. Patton (#391431)

Campbell Mithun Tower, Suite 2000
222 South Ninth Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Fax Telephone: (612) 607-7100

**ATTORNEYS FOR PLAINTIFF
SELECT COMFORT CORPORATION**