**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Select Comfort Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sleep Products D2C, Inc., et al.,<br><br>　　　　Defendant. | Civil No. 13cv02621 SRN/JJK<br><br><br>**NOTICE OF PRETRIAL CONFERENCE** |

　　　　Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, a pretrial conference will be held on **December 9, 2013, at 10:30 a.m., in Courtroom 6A, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101**, before United States Magistrate Judge Jeffrey J. Keyes.

　　　　Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel shall meet before the scheduled pretrial conference and jointly prepare and file, a complete written Report of the Rule 26(f) meeting at least **three business days** prior to the pretrial conference.  **The Report shall be in the attached format**.  **Please e-mail a copy in WORD format** to Magistrate Judge Keyes at keyes_chambers@ mnd.uscourts. gov.

　　　　If any party does not have counsel of record listed in this case, it is the responsibility of counsel for Plaintiff to (1) immediately notify those parties and counsel of this conference, and (2) inform those parties and counsel of the requirements set forth in this notice.

　　　　Failure of any party or counsel to comply with any part of this notice, including delivery of a copy of the Rule 26(f) Report to Magistrate Judge Keyes by the time specified in this notice, may result in the postponement of the pretrial conference, an imposition of an appropriate sanction on the party, company or attorney who failed to comply, or both.

　　　　Counsel who will be trying the case should be present at the conference. If this is not possible, substitute counsel should be arranged.  Counsel should

contact Magistrate Judge Keyes' Judicial Assistant, Jackie Phipps, at 651-848-1180, with respect to any matters concerning the pretrial conference.

Dated:   November 1, 2013            s/ *Jackie Phipps*
                                     Jacqueline E. Phipps
                                     Judicial Assistant

Attachment

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Name of Plaintiff,                                         **Civil No. _____**

      Plaintiff(s),

v.                                                                     **RULE 26(f) REPORT**

Name of Defendant,

      Defendant(s).
_____

      The parties/counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f) on _____, 20___, and prepared the following report.

      The pretrial conference in this matter is scheduled for _____, 20___, at _____, before United States Magistrate Judge Jeffrey J. Keyes in Courtroom 6A, United States District Court, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota  55101.

## A. DESCRIPTION OF CASE

      (1)    Concise Factual Summary of Plaintiff's Claims;

      (2)    Concise Factual Summary of Defendant's claims/defenses;

      (3)    Statement of Jurisdiction (including statutory citations);

      (4)    Summary of Factual Stipulations or Agreements;

      (5)    Statement of whether jury trial has been timely demanded by any party;

      (6)    If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, a statement of the parties' agreement.

**B. <u>DISCOVERY DEADLINES AND LIMITS</u>**

Pursuant to Fed.R.Civ.P. 26(f), the parties must prepare a discovery plan which is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed.R.Civ.P. 26(f)(3)(A)-(F) and design a discovery plan which is appropriate for the circumstances of this case. The details of the discovery plan should be set forth in the Rule 26(f) Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case. However, the parties are encouraged to reach agreement upon, and suggest to the Court, a discovery plan which takes into account the unique circumstances of the individual case. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery limitation, they should set forth their separate positions in the Rule 26(f) Report and this will be discussed at the Pretrial Conference:

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before _____.

2. All motions which seek to amend the pleadings or to add parties must be filed and served on or before _____. However, any motion for leave to amend to seek punitive damages, if applicable in this case, must be filed and served at least thirty days before the end of fact discovery.

3. Fact discovery shall be <u>commenced in time to be completed on or before</u> _____.

4. No more than a total of _____ **interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than _____ **document requests** and no more than _____ **requests for admissions** shall be served by each side.

5. No more than _____ depositions, excluding expert witness depositions, shall be taken by each side.

6. Non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be filed and served on or before_____.

7. Each side may call up to_____ expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied

2

by the written report prepared and signed by the expert witness, shall be made as follows:

    a.    Identities by Plaintiff on or before_____.
         Reports by Plaintiff on or before _____.

    b.    Identities by Defendant on or before _____.
         Reports by Defendant on or before _____.

8.    Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by _____. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before _____.

9.    No more than _____ Rule 35 medical examinations shall be taken on or before _____.

## C. PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order. The parties are encouraged, though not required, to use Form 6 to the Local Rules as a template for the proposed Protective Order, they shall present with this report any issues of disagreement. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

## D. INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insure.

## E. DISPOSITIVE MOTION SCHEDULE

The parties recommend that dispositive motions be filed and served on or before _____. For those cases assigned to Judges Magnuson, Kyle and Schiltz, this dispositive motion deadline will be for the filing, serving and <u>hearing</u> of the motion.

## F. TRIAL-READY DATE

The parties agree that the case will be ready for **(bench/jury – pick bench or jury and put it on 26(f) Report)** trial on or after _____; the expected length of trial is _____ days.

## G. SETTLEMENT

(1) The parties should discuss before the pretrial conference and be prepared to report to the Court on the status of settlement.

(2) The parties should also be prepared to report to the Court whether an early settlement conference is appropriate and a date by which it should occur.

## H. TRIAL BY MAGISTRATE JUDGE

The parties have/have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).  (If the parties agree, the attached consent form should be filed with the Rule 26(f) Report.)  Please note that if the parties consent to magistrate judge jurisdiction then all proceedings including the trial by jury, if any, will before the magistrate judge assigned to the case.

DATE: _____         _____
                                       Plaintiff's Counsel
                                       License #
                                       Address
                                       Phone #

DATE: _____         _____
                                       Defendant's Counsel
                                       License #
                                       Address
                                       Phone #

4

AO 85 (Rev. 01/09, Locally Rev. 03/12)  Notice and Consent – Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| _____ | |
| *Plaintiff* | |
| v. | Case Number: _____ |
| _____ | |
| *Defendant* | |

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**NOTE:**  Please see "CONSENT TO DISPOSITION OF CASE BY MAGISTRATE" in the Civil ECF Procedure Guide for instructions on filing this form. Generally, if joint, the form shall be filed electronically in ECF by one person on behalf of all parties under "Other Documents" as "Joint Consent to Proceed before Magistrate before 8th Circuit." If separate, return the executed form to the Calendar Clerk by e-mail pursuant to the specific instructions in the "CONSENT TO DISPOSITION OF CASE BY MAGISTRATE" section of the procedure guide.

# MAGISTRATE JUDGE JEFFREY J. KEYES
## Practice Pointers and Preferences

### CONTACT WITH CHAMBERS

- Magistrate Judge Keyes encourages you to contact his Judicial Assistant, Jackie Phipps, or his Law Clerks at 651-848-1180 if you have questions about his practice pointers and preferences.

- Members of Magistrate Judge Keyes' chambers have been instructed not to provide answers to legal questions over the telephone.  This includes procedural questions that would be governed by the Federal Rules of Civil Procedure or the Local Rules for the District of Minnesota.

- When arranging for a scheduled telephone conference with Magistrate Judge Keyes, the moving party should have all parties on the line before contacting chambers, unless a Conference Bridge call has been set up by the Court.

- When contacting the Court with a question regarding a specific case, please have the case name and number ready to provide to chambers.

- If a party has a question or needs clarification regarding an order submitted by the Court, please submit a letter via ECF or email to Magistrate Judge Keyes asking for clarification.  Do not call chambers asking for clarification.

- If you have a question about how to file a document on ECF, please call the Clerk's Office at 651-848-1100.

### FIRST PRETRIAL CONFERENCE

- Email a courtesy copy of the pretrial conference Rule 26(f) Reports to chambers at keyes_chambers@ mnd.uscourts.gov in WORD format, when it is filed on ECF.  <u>A hard copy of the 26(f) Report is not required</u>.

- Rule 16 conferences by teleconference are disfavored.

- In patent cases, Magistrate Judge Keyes uses a specific pretrial scheduling order.  The Report shall be in the format of Form 4 Rule 26(f) Report (Patent Cases) attached to the Local Rules of the United States District Court, District of Minnesota.  Please submit to the Court in advance of the pretrial conference.

**STIPULATIONS AND PROPOSED ORDERS**

- Counsel should be cognizant of the electronic filing rules relating to submission of stipulations and proposed orders.  Stipulations should be filed electronically.  Proposed orders should be a <u>separate</u> document emailed to chambers at keyes_chambers@mnd.uscourts.gov, and should be in WORD (.docx) format and <u>reference docket numbers to which it relates</u>.  Please restate the text of a protective order within the proposed order.

- For nondispositive motions, specifically identify the relief you are seeking in your proposed order (*e.g.*, for motions to compel, identify each discovery request for which you are seeking relief and the relief sought).  Do not merely request that the motion be granted or denied.

- Counsel should remember to set forth the information required by Local Rule 16.3 when submitting stipulations to amend the scheduling order.

- The stipulation and proposed order procedure is preferred over the filing of an "unopposed" motion for the relief sought.

**TELEPHONE HEARINGS**

- Magistrate Judge Keyes will hold telephone hearings by special permission only.  If an attorney wants to have a telephone hearing on any matter, the attorney should send a short letter (no longer than two pages) via email to the Court and other counsel of record explaining why a telephone hearing should be held and suggesting a time frame.  Other counsel may promptly respond with a short letter (no longer than two pages) explaining the other party's position on the telephone hearing.  The Court will then inform the parties about whether a telephone hearing will be held and set an appropriate schedule.

2

## MOTION PRACTICE

- All motions to be heard by the Court must be scheduled through Magistrate Judge Keyes' Judicial Assistant, Jackie Phipps, at **651-848-1180**. Even if the parties to a dispute agree that a motion can be submitted on the papers, Ms. Phipps must be contacted to set the date for submission of the matter to the Court (the matter will be deemed submitted upon receipt of the last submission). The Court ultimately will determine whether to hold a hearing on the matter or not.

- As a general rule, Magistrate Judge Keyes schedules half-hour hearings for nondispositive motions and one-hour hearings for dispositive motions. Please inform Magistrate Judge Keyes' Judicial Assistant, Jackie Phipps (telephone 651-848-1180), **AHEAD OF TIME** if you anticipate that more time should be allowed for the motion. This is an important courtesy so that the Court, the court reporter, court security, and court staff can arrange their schedules.

- Once a motion date and time have been reserved, do not add additional motions without contacting the Judicial Assistant to make sure there is enough time scheduled for all of the motions.

- If a motion or case has been resolved, please contact chambers as soon as possible (by telephone or via email) so that any hearing on the matter resolved may be removed from the calendar. Even if a motion has only been partially resolved, please contact chambers to let the Court know what parts of the motion have been resolved.

## WRITTEN SUBMISSIONS

- Before submitting any motion to the Court, check to make sure that you are in compliance with the Local Rules for the District of Minnesota and the case's pretrial scheduling order. For example, all motions to modify the pretrial scheduling order require compliance with Local Rule 16.3.

- Under Local Rule 37.1, for all motions to compel dealing with interrogatories, document requests, and requests for admission, Magistrate Judge Keyes requires that each discovery request, response, and objection at issue be set forth verbatim within your memorandum of law. Immediately after setting forth verbatim each request, response, and objection at issue, you must explain the

3

reason the discovery is needed for your case, and why the response is inadequate or the objection improper.  Judge Keyes will not address discovery disputes relating to interrogatories, document requests, or requests for admission that are not raised in this manner.  If the motion raises an issue with a substantial number of discovery requests and citing all of them verbatim will cause a party to exceed the word-count limit set forth in the Local Rules, the parties must request relief from the word-count limit under Local Rule 7.1(f)(1)(D).

- Obtain leave from the Court **prior to** filing a reply brief not provided for under the Rules of Civil Procedure or Local Rules or filing a brief exceeding the word count or page limits.

- Please remember that parties are to send to chambers (via mail or hand delivery) two courtesy copies, collated and stapled, of all pleadings and motion papers (*i.e.*, briefs, motions, memoranda, responses, etc.) pursuant to the Local Rules.  Please carefully index and paginate any exhibits or attachments.  **The submission of both sets of such materials in three-ring notebooks with tabbed documents and exhibits, particularly if they are voluminous, is very much appreciated by the Court.**  Make sure that when there is a reference to an exhibit or attachment in a brief or memorandum the Court can quickly and easily find the specific page of the referenced exhibit or attachment.  Please make sure that each page of these two courtesy copies has the Court docket number and page number at the top of each page.  This will substantially assist the Court in working with these documents.

- When filing exhibits electronically, they should be attached to an affidavit that explains where specific exhibits can be found in the electronic attachments.

- Do not use tiny footnotes in your briefs.  They are difficult to read and suggest that the information contained in them is not very important.  Judge Keyes follows the type-size conventions set forth in D. Minn. Loc R. 7.1(e).

- Magistrate Judge Keyes strictly follows the word count and format rules set forth in the Local Rules.

- When filing a motion to amend a pleading, the moving party should submit a "redlined" version of the proposed amended pleading

4

- showing the differences between the original and the proposed amendment.

- Do not refer to pleadings in your motion papers and assume that the Court has easy access to them. If another pleading is important enough to reference in your motion papers, then attach it, so that your motion is a self-contained bundle.

## **SETTLEMENT CONFERENCES**

- Read and comply with any Order for Settlement Conference issued by the Court. Among other items, this Order requires the parties to send to the Court, in advance of the conference, a confidential letter addressing several issues.

- All parties with power to settle the case **must attend in person**, and parties should be prepared to spend the entire day (and even the evening) at a settlement conference, if the Court deems that the parties are making progress at the conference. Therefore, attorneys and their client representatives should be prepared to change other events they have planned for the day or evening, and their travel plans, if necessary.

## **IN-COURT**

- Be prompt.

- Stand at the podium when addressing the Court and counsel, speaking directly into the microphones. The podium can be adjusted with up and down arrows for height. Address the Court and opposing counsel with civility and formality.

- Direct your oral arguments to the Court, not to the Law Clerk or other court personnel.

- Magistrate Judge Keyes reads all written submissions in advance, so keep that in mind when preparing your oral argument.

- Rather than repeating the arguments stated in your submission, focus oral argument on responding to the opposing side's arguments.

- If a party submits additional case law or exhibits at oral argument, counsel must first furnish the additional case law or exhibits to

- opposing counsel. Bring <u>two</u> additional copies of cases or any other handouts used in oral argument for the Court.

- Magistrate Judge Keyes is located in the St. Paul Courthouse, Courtroom 6A, but on occasion holds hearings in Minneapolis. Many hearings have been delayed because counsel go to the wrong courthouse. **<u>Please make sure to verify the location of the hearing in advance of the hearing date</u>**.

## **TRIAL**

- In jury trials, the parties must submit trial statements, exhibit lists, witness lists, deposition designations, motions in limine, proposed *voir dire* questions, and proposed jury instructions ten days before trial. Responses to motions in limine are due three days before trial.

- Exhibits should be marked prior to trial and should correspond to the exhibit list.

- The Court expects the parties to submit a joint proposed statement of the case that can be read to the jury during *voir dire*.

- The parties are required to meet and confer in advance of trial and then jointly submit to the Court the proposed jury instructions on which they agree.

- On any jury instruction that cannot be agreed upon, which should be very few, the proposed instructions should be submitted in different colors corresponding to the different parties (i.e., Plaintiff's proposed instruction in red; Defendant's proposed instruction in blue).

- Parties must include citations with proposed jury instructions.

- The parties should consider submitting preliminary instructions that will preview the substantive legal issues in the case.

- If videotaped depositions are to be used at trial, attorneys must confer and edit the tapes to get to the heart of the matter. Any dispute over use of videotapes should be raised in limine prior to trial.

# **EXPEDITED TRIALS**

Since July 2, 2001, the United States District Court for the District of Minnesota has offered a litigation alternative called **Expedited Trials.** This program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. All parties and their attorneys are encouraged to use this new program for their civil cases.

The following key elements of the Expedited Trials Program are intended only as an overview. Please consult the rules for a detailed description of the program and the applicable rules and limitations.

| | |
|---|---|
| **Participation** | • Parties may have a pre-existing agreement.<br>• Parties may agree to participate after the action is commenced.<br>• The agreement shall be in writing and attached to the Complaint or filed promptly after agreement is reached. |
| **Initial Disclosures** | • Served with Complaint and Answer or Counterclaim (pre-existing agreement).<br>• Made within 5 days of the date of the filing of the Expedited Trials agreement. |
| **Pretrial Conference** | • Held within 30 days of the date the Complaint is served.<br>• Upon request, parties may appear by telephone. |
| **Pretrial Order** | • Issued at the Pretrial Conference.<br>• Exchange Fed. R. Civ. P. Rule 26 (a) (1) (B) documents within 30 days of the Pretrial Conference.<br>• All discovery completed within 120 days of the Pretrial Conference. |

| | | |
|---|---|---|
| **Discovery and Testimony Limits** | • 10 interrogatories<br>• 5 document requests<br>• 1 expert witness | • 5 requests for admission<br>• 2 depositions |
| **Non-dispositive Motions** | • Parties must apply for permission to file by telephone to the Magistrate Judge.<br>• If permission granted, motion and response are limited to two pages. | |
| **Dispositive Motions** | • Parties must apply for permission to file in writing to the District Judge.<br>• If permission granted, a prompt briefing schedule and memoranda limits will be set by the District Judge. | |
| **Trial Date** | • Called for trial no later than 6 months after the Pretrial Conference.<br>• If consent to trial by Magistrate Judge, the trial will be held on date certain within 120 days of the Pretrial Conference. | |
| **Trial** | • Each side will have eight hours of trial time. | |
| **Judgment** | • Order for Judgment entered within 30 days after the matter is submitted. | |

2